CANNELLA, Judge.
Petitioners, Scott R. Bickford (Bickford) and Regina 0. Matthews (Matthews) sought writs from the denial in the trial court of their Exception Of No Cause Of Action. This court initially denied writs. Montalvo v. Sondes, 625 So.2d 659 (La.App. 5th Cir. 1993). We are herein reconsidering our earlier action on remand from the Louisiana Supreme Court. Montalvo v. Sondes, 615 So.2d 332 (La.1993).
The facts are as follows. Ileana Montalvo, embroiled in a child custody dispute with her ex-husband, hired Brian Sondes (Sondes) and E. Martin Fontaine (Fontaine) to represent her. Sondes and Fontaine filed a Motion to Establish Child Custody Jurisdiction and Request for TRO in the court below. Thereafter, on January 25, 1991, when Ms. Montal-vo’s case was called for hearing, she was not present and the trial court granted her ex-husband’s Petition for Writ of Habeas Corpus, resulting in the immediate transfer of legal custody of the minor from her to her ex-husband. In addition, the trial court sanctioned Ms. Montalvo with attorney’s *660 fees, costs and her ex-husband’s expenses. Ms. Montalvo terminated the employment of Sondes and Fontaine and sought help for her appeal from the Loyola Law Clinic. On December 6, 1991, attorneys Bickford and Matthews filed a legal malpractice claim against Sondes and Fontaine on behalf of Ms. Mon-talvo. On December 30, 1991, this Court ruled in Ms. Montalvo’s pending appeal and reversed the contempt sanctions against her. Montalvo v. Montalvo, 592 So.2d 904 (La. App. 5th Cir.1991). On January 8, 1992, in a consent judgment between Mrs. Montalvo and her ex-husband, he waived his right to the money judgment, attorney’s fees and expenses. Thereafter, on July 22,1992, Sondes filed a Reconventional Demand and Third Party Demand against Mrs. Montalvo, Bick-ford and Matthews, alleging that he was due damages from these parties which were wrongfully caused by the malpractice suit that had been filed by them against him. In response, Bickford and Matthews filed an Exception Of No Cause And No Right Of Action, arguing that the third-party demand was grounded solely in negligence and, as such, stated no cause or right of action under Louisiana law.
After hearing, the trial court denied the Exception Of No Cause Or No Right Of Action and petitioners applied for writs to this court. After consideration, this court denied writs, stating:
To the extent that the reconventional demand alleges that the defendants in re-convention committed intentional tortious conduct, it states a cause of action. Penalber v. Blount, 550 So.2d 577 (La.1989).
Petitioners sought writs in the Louisiana Supreme Court and an amicus curiae brief was filed. The Supreme Court granted the writ and remanded the case to this court for briefing, argument and opinion.
Penalber v. Blount, 550 So.2d 577 (La. 1989) is the leading ease concerning one’s right to bring an action against his adversary’s attorney for actions of the attorney in pursuing his client’s case. Therein the Court reasoned:
Louisiana subscribes to the traditional, majority view that an attorney does not owe a legal duty to his client’s adversary when acting in his client’s behalf. A non-client, therefore, generally cannot hold his adversary’s attorney personally liable for either malpractice or negligent breach of a professional obligation. The intent of this rule is not to reduce an attorney’s responsibility for his or her work, but rather to prevent a chilling effect on the adversarial practice of law and to prevent a division of the loyalty owed a client. (Citations omitted.)
⅜ ⅜ ⅜ ⅜ ⅜ ⅜
... Intentionally tortious actions, ostensibly performed for a client’s benefit, will not shroud an attorney with immunity. Consequently, even though an attorney does not generally owe a duty to his client’s adversary, under the broad ambit of LSA-C.C. art. 2315, an attorney may be held personally accountable for his intentional tortious conduct such as knowingly seizing public assets in direct violation of LSA-R.S. 13:5109 and LSA-Const. Art. 12, § 10.
The Court went on to explain the nature of the intentional act which would give rise to an action by the client’s adversary based on his representation of the client. The Court, citing Caudle v. Betts, 512 So.2d 389 (La. 1987) noted:
The intent with which tort liability is concerned is not necessarily a hostile intent, or a desire to do any harm. Restatement (Second) of Torts, American Law Institute § 13, (comment e) (1965). Rather it is an intent to bring about a result which will invade the interests of another in a way that the law forbids.
It is noted that Justice Marcus dissented from the majority opinion stating:
I am of the opinion that no cause of action can be maintained against Connelly because an attorney owes no duty to his client’s adversary when acting in his client’s behalf. Finding such a duty would have a chilling effect on the adversarial practice of law and cause division of loyalty owed to a client.
The amicus curiae brief to the Supreme Court argues in favor of Justice Marcus’ *661 view. However, since the majority opinion holds otherwise, we are constrained to follow it.
Accordingly, the question presented here is whether Sondes’ third party petition states a cause of action for intentional tor-tious conduct on the part of Bickford and Matthews. While it is true that the petition asserts claims for negligence and malpractice, which are not proper causes of action under these circumstances, the petition also alleges intentional acts.
Petitioners argue that the malpractice petition was filed prior to the rendition of judgment on appeal and does not state a cause of action for an intentional tort. However, Sondes alleges that “the present proceeding was instigated in bad faith; and that all defendants-in-reconvention have continued in bad faith.” The third party petition also alleges that Brickford and Matthews “have filed, and are conducting a suit which they know to be frivolous.”
The peremptory exception of no cause of action tests the legal sufficiency of the petition. For purposes of ruling on the objection, no evidence may be introduced to support or controvert the exception. The court must accept all factual allegations of the petition as true and sustain the objection only if no remedy is afforded under the allegations asserted. La.C.C.P. art. 931. Penalber v. Blount, supra. A cause of action lies in favor of a non-client against an adversary’s attorney only if the petition states a cause of action for intentional tortious conduct. In alleging that Brickford and Matthew instigated the malpractice proceeding in bad faith, continued it in bad faith and are knowingly conducting a frivolous suit, in our view, the third party petition alleges intentional tortious conduct as defined in Penalber v. Blount, supra. Therefore, it states a cause of action.[1]
For the forgoing reasons, we affirm the ruling of the district court, denying Brickford and Matthew’s exception of no cause of action, and remand the case for further proceedings.

AFFIRMED AND REMANDED.

. The views expressed in this opinion are in no way to be taken as a statement concerning Sondes' success at trial. The only issue before the court at this time is whether the petition, as worded, states a cause of action, not whether the allegations therein can be successfully proven at trial.