Ji_ARMSTRONG, Judge.
This is an appeal from a judgment maintaining a peremptory exception of no cause of action. Plaintiff filed a Petition for damages, Injunctive Relief and Temporary Restraining Order. One of the defendants responded with a peremptory exception of no cause of action. The plaintiff submitted a First Supplemental Petition for Damages. It is not entirely clear whether this Supplemental Petition was actually properly filed. The plaintiff-appellant’s second Assignment of Error states both that “the trial court failed to allow plaintiff the opportunity to amend her pleadings” and that “her first supplemental and amending petition had been filed prior to the trial hearing of defendant’s exception of no cause of action.” The Supplemental Petition does appear in the record as though it were properly filed. In any ease, for reasons which we will discuss below, we will consider the allegations of the Supplemental Petition in deciding whether the peremptory exception of no cause of action was properly maintained. We find that the factual allegations of the Supplemental Petition, which we must assume to be true and correct for purposes of the peremptory exception of no cause of action, |2do state a cause of action. Thus, we must reverse and remand for further proceedings.
Plaintiff-appellant Joan Blessing, who is a private investigator, entered into a business enterprise, known as A Better Case Detective Agency, with defendant Gerard Sidney Rodrigue, who is also a private investigator. Apparently, at first, Ms. Blessing declined to enter into this common business venture with Mr. Rodrigue. However, after some involvement in the negotiations by Mr. Rodrigue’s wife, Larimee Pope Rodrigue, Ms. Blessing decided to go ahead with the business venture with Mr. Rodrigue.
Ms. Blessing alleges that Mr. Rodrigue turned out to be unstable and totally unsuitable for the private investigation enterprise and that he made threats of harm against her and took other actions that caused her harm. The private investigation venture evidently ended unsuccessfully. Ms. Blessing alleges mental anguish and stress and physical manifestations thereof, loss of business income and professional opportunities and other damages.
Ms. Blessing sued, not only Mr. Rodrigue, but also Mrs. Rodrigue. Mrs. Rodrigue responded with the peremptory exception of no cause of action, which was maintained. Thus, the trial court judgment that is the subject of this appeal dismisses this action as against Mrs. Rodrigue, but does not address the claims against Mr. Rodrigue. The basis of Mrs. Rodrigue’s peremptory exception of no cause of action is that she had no duty to warn Ms. Blessing of Mr. Rodrigue’s instability, etc.
The gist of Ms. Blessing’s original petition, as it relates to Mrs. Rodrigue, is one of *186 negligent failure to warn. Specifically, the original petition alleges:
JjXI.
Prior to the initiation of the business partnership and professional relationship between plaintiffs and defendant Gerard Rodrigue, his wife defendant' Larimee Pope Rodrigue actively solicited, encouraged, and engineered her husband’s involvement with plaintiffs and their business without advising them of his erratic and injurious tendencies and behavior which were previously well known to Lari-mee Pope Rodrigue.
XII.
This negligent failure of defendant Lari-mee Pope Rodrigue to warn plaintiffs of her husband’s behavior, coupled with her actions seeking the establishment of his commercial enterprise with plaintiffs without disclosure to them of the dangers associated with a partnership involving defendant Gerard Rodrigue contributed to the alleged acts of Gerard Rodrigue in causing those injuries and damages of plaintiffs; and defendant Larimee Pope Rodrigue is solidarily liable with Gerard Rodrigue for those losses of plaintiffs claimed herein.
In other words, Ms. Blessing’s original petition is based upon (1) silence or failure to disclose rather than active misrepresentation and (2) negligence rather than an intentional tort.
In contrast, Ms. Blessing’s Supplemental Petition adds, with respect to Mrs. Rodrigue, allegations of fraudulent affirmative misrepresentation. Specifically, the Supplemental Petition alleges:
XII.
Defendant Larimee Pope Rodrigue further assured plaintiff of defendant Gerard Rodrigue’s ability to perform professional investigatory services and to act in the establishment and preservation of the enterprise in a competent and prudent manner despite the fact that Mrs. Rodrigue was fully aware at that time of her husband’s dangerous behavior and his resulting incapacity to work on behalf of the partnership.
******
JiXvm.
It is additionally averred that defendant Larimee Pope Rodrigue, breached her duty to plaintiff by endeavoring to create the partnership between plaintiff and Gerard Rodrigue by misrepresenting the aforesaid facts pertaining to Gerard Ro-drigue and by failing to disclose said facts and warn plaintiff of his dangerous nature and threatening character. Plaintiff asserts that she would never have agreed with defendants to work as Gerard Ro-drigue’s partner in business if defendant Larimee Pope Rodrigue had not misrepresented by false statement or by silence the incapacities of Gerard Rodrigue described in this pleading.
XIX.
Defendant Larimee Rodrigue has also misrepresented to plaintiff the aforesaid dangerous criminal behavior and dangerous propensities of Gerard Rodrigue, some of which resulted in criminal prosecution of Gerard Rodrigue by the Jefferson Parish District Attorney, his plea of nolo conten-dere, and subsequent incarceration. Plaintiff relied upon said misrepresentation of Larimee Rodrigue in doing business with Gerard Rodrigue, and plaintiffs damages alleged in this pleading are the direct result of the actions of Larimee Rodrigue and Gerard Rodrigue.
XX.
Plaintiff had been unaware of the facts of defendant Gerard Rodrigue’s dangerous character as described herein, nor had she known of his consistent pattern of erratic behavior during the time she negotiated the terms of the business venture with Larimee Rodrigue. Plaintiff relied to her detriment upon the assertions of Larimee Rodrigue and Gerard Rodrigue to the contrary as well as Larimee Rodrigue’s intentional or willful withholding of the aforesaid information. Plaintiff damages were *187 sustained as a direct consequence of said misrepresentation and fraud by statement and silence of defendant Larimee Rodrigue confected with the knowledge of Gerard Rodrigue.
Thus, the Supplemental Petition alleges (1) not merely silence or failure to warn but also affirmative misrepresentations and (2) not merely negligence but also intentional fraud.
IsWhen the grounds for a peremptory objection can be removed by amendment of the petition, then the court should allow the plaintiff to so amend. La.Code Civ. Proe. art. 934. It is only when the grounds for the peremptory exception cannot be removed by amendment, or if the plaintiff fails to comply with an order to amend, that the petition should be dismissed. Id. In the present case, it is unclear as to whether the trial court actually allowed the Supplemental Petition but, in any case, it appears that the plaintiff submitted the Supplemental Petition to the trial court even before the hearing on the peremptory exception of no cause of action. Thus, either the trial court did consider the Supplemental Petition, or should have considered it, and we will consider it on appeal. Of course, in considering the Supplemental Petition, we must assume all of its factual allegations to be true and correct, because the peremptory exception of no cause of action is considered on the face of the petition and no evidence is admissible on the trial of that exception. La.Code Civ. Proe. art. 931; Montalvo v. Sondes, No. 93-2813 (La.5/23/94), 637 So.2d 127; Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993).
Mrs. Rodrigue’s argument that she had no duty to warn Ms. Blessing appears to be directed to the original petition’s allegations of negligent failure to warn rather than the Supplemental Petition’s allegations of fraudulent affirmative misrepresentation. We need not, and do not, decide whether Mrs. Ro-drigue had a duty to warn Ms. Blessing because Mrs. Rodrigue obviously had a duty to not fraudulently affirmatively misrepresent Mr. Rodrigue to Ms. Blessing. Because the Supplemental Petition clearly does state at least one cause of action (fraud) it is not subject to the peremptory exception of no cause of action. See, Everything On Wheels, supra.
| c,For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings.

REVERSED; REMANDED.