JjSTEVEN R. PLOTKIN, Judge.
The sole issue in this appeal is whether the trial court properly granted an exception of prematurity, dismissing the suit filed by plaintiff C. Ellis Henican, Jr. against Robert L. Hackett. For the reasons explained below, we reverse the trial court judgment and remand for further proceedings.
Facts [1]
The facts giving rise to the instant case involve prolonged Orleans Civil District Court litigation between former joint ven-turers and law partners, David W. Oestr-eicher II and Mr. Hackett. Mr. Henican, the plaintiff in this case, represents Mr. Oestreicher in the underlying litigation, which involves a breach of contract claim relative to a contingency fee in Cormier v. City of Lake Charles, case number 89-3824, filed in the 14 th Judicial District Court for the Parish of Calcasieu, State of Louisiana.
On or about June 21, 1994, Mr. Henican filed, in Civil District Court, a petition on behalf of Mr. Oestreicher against Mr. Hackett, seeking injunctive relief. 12As a result, a preliminary injunction was issued, requiring Mr. Hackett to place one-half of the attorney fees and costs of the Cornier *885 suit into the registry of the court. That decision was affirmed on appeal in this court’s opinion in Oestreicher v. Hackett, 95-2573 (La.App. 4 Cir. 5/16/95), 660 So.2d 29, writs denied, 95-2592 (La.12/8/95), 664 So.2d 422. After he complied with the injunction, Mr. Hackett withdrew the funds from the registry of the court pursuant to an order obtained ex parte from a duty judge allowing substitution of a non-interest bearing “injunction bond.” Because that action violated the trial court’s three-day notice requirement, the trial court sanctioned Mr. Hackett, but denied Mr. Oestreicher’s motion to annul the substitution. This court granted Mr. Oestr-eicher’s application for supervisory writs, ordering Mr. Hackett to return the money to the district court registry. Oestreicher v. Hackett, 95-2708 (La.App. 4 Cir. 1/22/96) (unpublished).
Thereafter, the trial court entered partial summary judgment in favor of Mr. Oestreicher and against Mr. Hackett, awarding Mr. Oestreicher one-half of the costs incurred in prosecution of the Cormier case, as well as one-half of the attorney fees in that case, less a credit and offset of one-half of the outstanding balance of a Oestreicher & Hackett line of credit. This court affirmed, and the Louisiana Supreme Court denied writs. Oestreicher v. Hackett, 96-2274 (La.App. 4 Cir. 3/12/97), 690 So.2d 1129, writ denied, 97-0948 (La.6/10/97), 695 So.2d 960.
In June of 1995, Mr. Hackett filed suit in CDC against Mr. Henican, claiming that Mr. Henican intentionally made false and/or misleading allegations in the petition against Mr. Hackett for injunctive relief, the result of which illegally “invaded” his interests. However, that suit was dismissed on an exception of prematurity under the rule established by Penalber v. Blount, 550 So.2d 577 (La.31989) and Montalvo v. Sondes, 93-2813 (La.5/23/94), 637 So.2d 127, which prohibits a plaintiffs suit against his adversary’s attorney until after termination of the underlying suit in favor of the plaintiff. Mr. Hackett’s suit was premature for two reasons: (1) the underlying suit had not been terminated, and (2) all judgments entered in the underlying suit had been in favor of his adversary, not in favor of Mr. Hackett. Mr. Hackett did not appeal the dismissal of his suit on the exception of prematurity, and the dismissal became final.
Thereafter, Mr. Henican filed the instant suit in New Orleans City Court against Mr. Hackett, alleging that Mr. Hackett’s filing of the previously-dismissed CDC suit against him was intentional, malicious, and without probable cause, especially since the suit was premature. Mr. Henican sought recovery of $3,574.52 in attorney fees incurred in defending the action, as well as damages for mental anguish and emotional distress.
Mr. Hackett filed an exception of prematurity and an exception of no cause of action to Mr. Henican’s suit. The trial court maintained the exception of prematurity, and found that no reason existed to decide the exception of no cause of action. Mr. Henican appeal.
Analysis
The trial court erred in dismissing Mr. Henican’s suit against Mr. Hackett on an exception of prematurity. Two significant differences exist between Mr. Henican’s instant suit against Mr. Hackett and Mr. Hackett’s previously-dismissed suit against Mr. Henican: (1) the defendant in Mr. Henican’s suit is his previous adversary himself, not his previous adversary’s attorney; and (2) Mr. Hackett’s suit against Mr. Henican has been terminated in favor of Mr. Henican. We note also |4that -all judgments in the underlying dispute between Mr. Henican’s client, Mr. Oestreicher, and Mr. Hackett have been in favor of Mr. Oestreicher.
Moreover, the policy reasons supporting the Penalber/Montalvo rule requiring dismissal of suits against an attorney as premature until after termination of the underlying litigation in favor of the plaintiff *886 do not apply to the instant case. That rule was explained in Montalvo as follows:
Louisiana subscribes to the traditional, majority view that an attorney does not owe a legal duty to his client’s adversary when acting in his Ghent’s behalf. A non-client, therefore, cannot hold his adversary’s attorney personally liable for either malpractice or negligent breach of a professional obligation. The intent of this rule is not to reduce an attorney’s responsibility for his or her work, but rather to prevent a chilling effect on the adversarial practice of law and to prevent a division of loyalty owed to a client. Although Penalber reaffirmed the basic premise that an attorney acting on behalf of his client may not be sued by an adversary based on negligence or malpractice, that case did allow a cause of action against an attorney based on intentional tort.
93-2813 at pp. 3-4, 637 So.2d at 130 (emphasis added, citations omitted). In the instant case, Mr. Henican is not suing Mr. Hackett’s attorney who filed the suit, but Mr. Hackett himself. Allowing Mr. Heni-can’s suit against Mr. Hackett to proceed presents no danger of either a chilling effect or a division of loyalty owed by an attorney to a client. Accordingly, we find that the Penalber/Montalvo rule does not apply to this case, either from a factual point of view or from a policy point of view.
Accordingly, we reverse the trial court judgment dismissing Mr. Henican’s suit against Mr. Hackett on the exception of prematurity. The case is remanded for further proceedings consistent with this decision.
REVERSED AND REMANDED.

. Some facts are taken from this court's unpublished decision in Oestreicher v. Hackett, 96-2274, 690 So.2d 1129, (La.App. 4 th Cir. 3/12/97).