872 So.2d 584 (2004)
In re HARVEY TERM LITIGATION.
No. 2004-C-0168.
Court of Appeal of Louisiana, Fourth Circuit.
April 21, 2004.
Order Granting Rehearing for Clarity May 28, 2004.
*585 T. Allen Usry, Usry, Weeks & Matthews, New Orleans, LA, and Henry T. Dart, Covington, LA, for Plaintiffs-Respondents.
Caleb H. Didriksen, Diane R. Cosenza, John Ruskin, Ronald J. Ventola II, Didriksen Law Firm, New Orleans, LA, for Alpha Technical Services, Inc.
Thomas E. Balhoff, Judith R. Atkinson, Carlton Jones, III, Roedel, Parsons, Koch, Blache, Balhoff & McCollister, Baton Rouge, LA, for Intracoastal Tubular Services, Inc.
(Court composed of Judge DENNIS R. BAGNERIS SR., Judge MICHAEL E. KIRBY, Judge DAVID S. GORBATY).
DENNIS R. BAGNERIS SR., Judge.
Alpha Technical Services, Inc. (Alpha) seeks review from the overruling of its exceptions of no cause of action for injunctive relief and punitive damages, and of its exception of prematurity. Alpha further seeks review from the overruling of its exception of no cause of action as to ITCO's purported cross claim for punitive damages. We grant this writ in part solely to address Alpha's exception of no cause *586 of action for punitive damages; in all other respects, the writ application is denied.

FACTS
The petition, as amended, alleges that the named plaintiffs and the members of the putative class action suffered damages as a result of oilfield pipe cleaning operations conducted on property owned by several members of the Grefer family from 1958 to 1992. The Grefers previously sued entities responsible for the contamination of their property and were awarded a substantial judgment. The petition alleges that the pipe cleaning operations created Technologically Enhanced Radioactive Materials (TERM), and other toxic and or hazardous materials which both contaminated the Grefer Tract and by virtue of airborne particulates drifted into the surrounding neighborhoods. They allege that the contaminated Grefer Tract continues to emit radiation and contaminate ground water and surface runoff which flows into the surrounding neighborhoods.
The petition seeks compensatory and punitive damages, remediation of the contaminated areas, medical monitoring, as well as injunctive relief in the form of remediation of the Grefer tract.

DISCUSSION

No Cause of Action for Punitive Damages:
Alpha contends that the petition fails to state a cause action under now repealed Civil Code Article 2315.3 for punitive damages.
Louisiana Civil Code article 2315.3 provides:
In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances. As used in this Article, the term hazardous or toxic substances shall not include electricity.
The article was repealed by Acts 1996, 1st Ex.Sess., No. 2, § 1, effective April 16, 1996. The repeal was given prospective application only.
In order to obtain an award of exemplary or punitive damages, the plaintiff must satisfy four elements:
1) The defendant's conduct must be wanton or reckless.
2) The defendant's wanton or reckless conduct must create a danger to the public.
3) The defendant's wanton or reckless conduct must occur in the storage, handling, or transportation of hazardous or toxic substances.
4) The plaintiff's injury must be caused by the defendant's wanton or reckless conduct consisting of all of these elements.
Billiot v. B.P. Oil Co., 93-1118, p. 25-26 (La.9/29/94), 645 So.2d 604, 617-618, reversed on other grounds, Adams v. J.E. Merit Cons., Inc., 97-2005 (La.5/19/98), 712 So.2d 88.
Furthermore, in order to state a cause of action for exemplary damages, the plaintiff must plead facts which establish their cause of action during the effective period of article 2315.3. See Bulot v. Intracoastal Tubular Services, Inc., 1998-2105, p. 4-5 (La.App. 4 Cir. 2/24/99), 730 So.2d 1012, 1015.
Paragraph X of the petition, which purports to establish the wanton disregard for public safety element of the cause of action states as follows:
From at least 1997, when the Grefer's (sic) filed a lawsuit against ITCO, ALPHA, TUBULAR and the Oil Companies, ITCO and ALPHA knew of the *587 foregoing phenomenon and knew that components of the pipe scale posed a serious health risk to humans, but did not inform the public in general, and the plaintiffs in particular, of this hazard.
As argued by Alpha, Paragraph X fails to specifically allege that Alpha was aware of the danger that its pipe cleaning operations posed during the time that art. 2315.3 was in effect. Paragraph X simply suggests that Alpha may have been aware sometime prior to 1997.
Plaintiffs suggest that the allegations contained in paragraph X read together with the allegations contained in paragraph XVI are sufficient to establish the necessary temporal limits of the claim. Paragraph XVI of the amended petition states:
During the period of the effective dates of Civil Code Article 2315.3, Defendants were guilty of willful, wanton and reckless disregard for public safety in the storage, handling and transportation of toxic, hazardous, and/or radioactive substances, entitling plaintiffs to recover exemplary damages in addition to their compensatory damages.
Plaintiffs fail to recognize that Louisiana uses fact pleading and that conclusory allegations are insufficient. Montalvo v. Sondes, 93-2813, p. 6 La.5/23/94); 637 So.2d 127, 131 (La.1994). By reciting the language of the article, the paragraph simply states a legal conclusion.
It is unclear why the plaintiffs failed to amend the petition to allege knowledge during the applicable time periods. Nevertheless, plaintiffs maintain that the phrase "from at least 1997" coupled with a recitation of article 2315.3 is sufficient to convey the allegation that Alpha knew of the dangers posed by its pipe cleaning operations during the operable time period. It does not.
Therefore, we find the trial court erred in overruling Alpha's exception of no cause of action for punitive damages, and we order the trial court on remand to give plaintiffs leave to amend. Accordingly, the case is remanded to the trial court for further proceedings consistent with this opinion.
WRIT GRANTED IN PART; JUDGMENT OF THE TRIAL COURT OVERRULING THE EXCEPTION OF NO CAUSE OF ACTION FOR PUNITIVE DAMAGES IS REVERSED; REMANDED.

REHEARING APPLICATION GRANTED FOR CLARITY
On April 21, 2004, this Court rendered the following writ disposition in the above captioned matter: WRIT GRANTED IN PART; JUDGMENT OF THE TRIAL COURT OVERRULING THE EXCEPTION OF NO CAUSE OF ACTION FOR PUNITIVE DAMAGES IS REVERSED; REMANDED.
On May 31, 2004, relator Alpha Technical Services, Inc. filed an application for rehearing alleging that although this court reversed the trial court's ruling with respect to the plaintiff's claims for punitive damages, the judgment was unclear as to the no cause of action exception filed by Alpha to the cross-claim for punitive damages by ITCO.
For clarity, we find that Alpha's Exception of No Cause of Action as to ITCO's Cross Claim is denied as Alpha has an adequate remedy on appeal.