# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2012

No. 11-31080
Summary Calendar

Lyle W. Cayce
Clerk

WILLIAM E. BROWN,

Plaintiff - Appellant

v.

JESSE L. WIMBERLY, III; UNIDENTIFIED PARTIES; HECTOR R. LOPEZ,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-1169

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

William Brown appeals the dismissal of his defamation lawsuit against Lawyers Jesse Wimberly and Hector Lopez. We AFFIRM the district court's dismissal of Brown's claim.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-31080

## FACTS AND PROCEEDINGS

The district court correctly lays out the facts of the case. The plaintiff, William Brown, is an attorney who represented Dr. Ralph Nix in a medical malpractice suit in state court which Nix lost. On appeal, Nix hired another attorney, Defendant Hector Lopez, to represent him. Nix also lost on appeal, and hired another attorney, Jesse Wimberly, to sue Brown for legal malpractice and professional negligence. Following discussions with Lopez, Wimberly filed complaints that Lopez drafted. Although they were originally filed in state court, Brown removed the malpractice actions to federal court where the claims were ultimately settled.

After Wimberly filed the two lawsuits for Nix against Brown, Brown filed suit in the Eastern District of Louisiana against Wimberly alleging defamation. Brown claims that the allegations that Wimberly made in the legal malpractice suits constitute defamation. He also claims that Hector Lopez took part in the defamation since he helped draft the complaints for Nix before Nix engaged Wimberly. Wimberly moved to dismiss Brown's complaint and strike it under Louisiana's anti-SLAPP laws while Lopez moved to dismiss under Federal Rule of Civil Procedure 12 (b) (6) or, alternatively, for summary judgment. The district court granted the motion to strike and the motion to dismiss.

## STANDARD OF REVIEW

This Court reviews the District Court's grant of a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) *de novo*, viewing the facts as pled in the light most favorable to the non-moving party. This Court reviews the District Court's grant of summary judgment de novo, applying the same standard as the District Court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Summary judgment is appropriate when the moving party can demonstrate that, based on the pleadings and discovery, "there is no genuine dispute as to any

No. 11-31080

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## DISCUSSION

As the district court properly concluded, Brown cannot make out a cause of action for the allegedly defamatory statements made in the course of judicial proceedings. Under Louisiana Code of Civil Procedure Article 971, the Anti-SLAPP statute, a defendant can file a special motion to strike where the defendant has been sued for exercising his constitutional rights. This court has adopted the use of the statute in federal court under *Erie. See Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 168-69 (5th Cir. 2009). Under the statute, a plaintiff must show that he will probably succeed on his claim for defamation or else it will be dismissed. *Id.*, 170. To succeed on a defamation claim that arises in the litigation context, a plaintiff must show "specific malice or an intent to harm on the part of the attorney in persuading his client to initiate and continue the suit." *Montalvo v. Sondes*, 637 So.2d 127, 130 (La. 1994). To pass both the heightened requirements of the Anti-SLAPP statute, and the pleading requirements for defamation in the litigation context, Brown must plead facts that show that the alleged defamatory statements were made with malice or intent to harm, and that he has a greater probability of showing this at trial than not. We agree with the district court's conclusions that Brown cannot prove this.

Louisiana law is not unique in this regard and the litigation privilege, which offers protection to statements made in the course of a judicial proceeding, is an important part of maintaining the adversarial process. Under Brown's theory of the case, malpractice claims against attorneys would be next to impossible since anything said in such suits will ultimately have a bearing on the attorney's occupation and livelihood and be subject to retaliatory defamation suits. But without affording some privilege to statements made by attorneys in

No. 11-31080

the course of litigation, pleadings and motions could hardly proceed because of fear of after-the-fact derivative suits claiming defamation. That is why Louisiana, like others, requires that plaintiffs demonstrate actual malice in statements made in judicial proceedings. Since Brown has not alleged actual malice or intent to harm, he certainly can not exceed the higher standard required by the Anti-SLAPP statute.

## CONCLUSION

For the above reasons, we AFFIRM the ruling of the district court.