# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

RONALD BIAS

VERSUS

CARL J. FOSTER AND JOHN B.
WELLS

NO. 2021 CW 0172

**MAY 12, 2021**

In Re:    John B. Wells, applying for supervisory writs, 19th
          Judicial District Court, Parish of East Baton Rouge,
          No. 687496.

BEFORE:    **GUIDRY, McCLENDON, CHUTZ, LANIER, AND WOLFE, JJ.**

**WRIT GRANTED WITH ORDER.** The trial court's January 21, 2021 judgment denying the peremptory exception of no cause of action filed by the relator, John B. Wells, is reversed. The original and amending petitions filed by the plaintiff, Ronald Bias, fail to state a cause of action against Wells, the attorney of Bias' adversary, Carl J. Foster. In particular, Bias fails to state a cause of action against Wells for breach of the "Stipulation of Settlement and Dismissal" because Wells was not a party to that agreement. Bias fails to state a cause of action against Wells for negligence because Wells, the attorney for Bias' adversary, owed no legal duty to Bias. See **Penalber v. Blount**, 550 So.2d 577, 581 (La. 1989); **Montalvo v. Sondes**, 637 So.2d 127, 130 (La. 1994). The remainder of the allegations contained in Bias' petitions refers to Wells' representation of Foster in a defamation suit and an abuse of process suit filed by Wells on Foster's behalf. In bringing a cause of action against an attorney based on intentional tort, it is essential for the petition to allege facts showing specific malice or an intent to harm on the part of the attorney. **Montalvo**, 637 So.2d at 130 (La. 1994). Legal or factual conclusions, absent facts which support such conclusions, are insufficient. See **Id.** at 131. We find that Bias' original and amending petitions fail to allege specific actions evidencing Wells' malice or intent to inflict direct harm. Additionally, Bias fails to state a cause of action against Wells based on the filing of the abuse of process suit because there has been no "bona fide termination" of the abuse of process suit in Bias' favor. See **Id.** Accordingly, the exception of no cause of action filed by Wells is granted, and this matter is remanded to the district court with instructions to afford Bias an opportunity to amend his petition, if he can, to state a cause of action against Wells. See La. Code Civ. P. art. 934.

**PMc**
**WRC**
**WIL**
**EW**

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

**Guidry, J.,** dissents and would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT