# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1054

KIMBERLY JOHNSON

VERSUS

CITY OF PINEVILLE, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 218,119
HONORABLE B. DEXTER RYLAND, DISTRICT JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Elizabeth A. Pickett, Judges.

AFFIRMED AND REMANDED
WITH  INSTRUCTIONS.

Karl J. Koch
McGlynn, Glisson & Koch
P. O. Box 1909
Baton Rouge, LA 70821-1909
(225) 344-3555
Counsel for Plaintiff/Appellant:
    Kimberly Johnson

Gregory R. Aymond
Attorney at Law
P O Box 5503
Alexandria, LA 71307-5503
(318) 445-3618
Counsel for Defendants/Appellees:
    Les Prestridge
    Pineville City Court

**Randall B. Keiser**
**D. Heath Trahan**
**Keiser Law Firm, P.L.C.**
**P.O. Box 12358**
**Alexandria, LA 71315-2358**
**(318) 443-6168**
**Counsel for Defendant/Appellee:**
    **City of Pineville**

**DECUIR, Judge.**

Kimberly Johnson was employed in the Clerk of Court's office at the Pineville City Court. She filed suit against the City of Pineville and Les Prestridge (the Clerk of Court) for damages arising out of alleged reprisals and constructive discharge resulting from her disclosure of certain workplace violations. Subsequently, she amended her petition to add the Pineville City Court as a defendant.

The City of Pineville filed a peremptory exception of no cause of action alleging that it was not the employer of Les Prestridge for purposes of respondeat superior liability. The trial court sustained the exception and dismissed Johnson's claims with prejudice.

## DISCUSSION

The sole issue on appeal is whether Johnson's amended petition states a cause of action against the City of Pineville.

In *Ramey v. DeCaire,* 03-1299, pp.7-8 ( La. 3/19/04), 869 So.2d 114, 118-19, the court discussed the peremptory exception of no cause of action. The court said:

> A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1238 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *Id.* at 1235. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. *Jackson v. State ex rel. Dept. of Corrections*, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; *Everything on Wheels Subaru*, 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Montalvo v. Sondes*, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131.

> Louisiana has chosen a system of fact pleading. La. C.C.P. art. 854 cmt. (a); *Montalvo* at p. 6, 637 So.2d at 131. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. *Kizer v. Lilly*, 471 So.2d 716, 719 (La.1985). However, the mere

conclusions of the plaintiff unsupported by facts does not set forth a cause of action. *Montalvo* at p. 6, 637 So.2d at 131.

The burden of demonstrating that the petition states no cause of action is upon the mover. *City of New Orleans v. Board of Com'rs of Orleans Levee Dist.*, 93-0690, p. 28 (La. 7/5/94), 640 So.2d 237, 253. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. *Fink v. Bryant*, 01-0987, p. 4 (La. 11/28/01), 801 So.2d 346, 349; *City of New Orleans* at p. 28, 640 So.2d at 253. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief. *City of New Orleans* at p. 29, 640 So.2d at 253.

Accepting all of the allegations in plaintiff's amended petition as true and applying the legal principles set forth above, we find plaintiff's petition fails to allege facts sufficient to state a cause of action against the City of Pineville. The liability of the City of Pineville turns on the question of whether it is vicariously liable for the actions of the City Court Clerk. The legislature has provided statutory guidance for the determination of who is the master of an appointed public employee. La.R.S. 42:1441.3. The statute provides in pertinent part:

C. Determinants of which political subdivision may be made liable as master for the offenses and quasi offenses of a public employee of a political subdivision under Civil Code Article 2320 and other laws imposing such master-servant liability and for finding an employer-employee relationship, shall include all of the following:

(1) The public officer or governmental body politic that exercises the power of selection and engagement of the public employee.

(2) The public officer or governmental body politic that supervises or has the right to control closely the daily time and physical activities of such public employee in carrying out his public duties.

(3) The public officer or governmental body politic that exercises the power of disciplinary actions and dismissal of the public employee.

(4) The source of the funds used for the payment of salaries or wages of the public employee.

Therefore, in order to make the legal determination that a political subdivision is the master of a particular public employee, we must consider the factors listed above.

Johnson contends that the assertion in her amending petition that the City Court Clerk is an employee of the City of Pineville should be accepted as true for the purposes of evaluating the peremptory exception of no cause of action. We disagree. It is clear that the determination of whether a political subdivision is the master of a public employee is a question of law to be determined by the factors enunciated by the legislature. Johnson's mere conclusion that the City of Pineville is the City Court Clerk's employer, unsupported by facts, is insufficient to state a cause of action. *See Montalvo*, 637 So.2d 127. Accordingly, we find that in order to state a cause of action against the City of Pineville, Johnson's petition, at a minimum, would have to allege facts sufficient to address the factors provided in La.R.S. 42:1441.3. Johnson's amending petition fails to allege such facts. The trial court did not err in granting the City of Pineville's peremptory exception of no cause of action.

However, "Article 934 of the Code of Civil Procedure states that '[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.'" *Ramey*, 869 So.2d at 119. In the instant case, the trial court dismissed Johnson's action with prejudice. The plaintiff is not limited to a single amendment of her petition; "additional opportunities for amendment of a petition pursuant to the provisions of C.C.P. art. 934 may be allowed in the discretion of the court." *Id.* Given that the legislature specifically overruled some jurisprudence in this area when amending La.R.S. 42:1441.3, we decline to determine as a matter of law that Johnson's petition cannot be amended to state a

3

cause of action.  Accordingly, we will, in the interest of justice, allow Johnson the opportunity to amend her petition.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed.  The case is remanded to the trial court with instructions to permit an amendment of plaintiff's petition in accordance with the views expressed herein.  Plaintiff is given thirty days from the date of the finality of this judgment to amend her petition.  If plaintiff fails to amend her petition within the prescribed time, the trial court shall dismiss the suit.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**