Judge MICHAEL E. KIRBY.
| plaintiff, Jessie W. Watkins, appeals the trial court judgment granting the exception of no cause of action filed on behalf of defendants, Regional Transit Authority (“RTA”) and Transit Management of Southeast Louisiana, Inc. (“TMSEL”), and dismissing plaintiffs claims against those defendants.
On August 30, 1996, plaintiff filed a petition for damages resulting from a September 12, 1995 accident in which the bus she was operating was struck from the rear by a vehicle driven by Aubrey Cheatham. Plaintiff named as defendants Cheatham; Total Power Electric, Inc., Cheatham’s employer and the owner of the vehicle operated by Cheatham; and U.S. Capital Insurance Company, the liability insurer of Total Power Electric, Inc. In her petition, plaintiff alleges that at the time of her accident, she was in the course and scope of her employment with TMSEL, and that the bus she was operating was owned by RTA.
On December 4, 1996, TMSEL filed a petition of intervention, alleging entitlement to recover all amounts expended on behalf of plaintiff from the defendants named in plaintiffs original petition. On September 11, 1997, U.S. |2CapitaI Insurance Company and Total Power Electric, Inc. filed a Notice of Temporary Injunction and Motion and Order to Stay Proceedings, in which the trial court was notified that U.S. Capital Insurance Company had been put into rehabilitation. The trial court issued an order on September 12, 1997 enjoining and restraining all parties in this matter from taking any action in furtherance of these proceedings until further orders of the court.
On August 12, 1999, the plaintiff filed a first supplemental petition in which she alleged that on November 20, 1997, defendant U.S. Capital Insurance Company was forced into liquidation proceedings and a permanent receiver was appointed in said liquidation proceedings. Plaintiff also added defendant, Louisiana Insurance Guaranty Association (“LIGA”), as a party pursuant to La. R.S. 22:1375. et al., and alleged that LIGA is liable jointly, severally, and in solido with defendants Aubrey Cheatham, Total Power Electric, Inc., and U.S. Capital Insurance Company, for the injuries sustained by plaintiff in the September 12,1995 accident.
On plaintiffs motion, the trial court on October 27, 1999 lifted the stay order previously issued on September 12, 1997. On July 19, 2000, plaintiff filed a second supplemental petition naming Lexington Insurance Company as a defendant. In this petition, plaintiff alleged that at all pertinent times, Lexington Insurance Company had in full force and effect a policy of *35 uninsured/underinsured motorist (“UM”) coverage issued to plaintiffs employer, TMSEL, insuring the vehicle/bus being operated by plaintiff and owned by RTA, while plaintiff was in |athe course and scope of her employment with TMSEL. Plaintiff filed a third supplemental petition on February 5, 2004, naming TMSEL as a defendant. In this petition, plaintiff alleged that pursuant to La. R.S. 22:1386, TMSEL provided UM coverage to plaintiff in the amount of one million dollars pursuant to a self-insured retention clause in its insurance policy issued by Lexington Insurance Company, which sum must first be exhausted prior to any other named defendants becoming liable for damages found to be due to plaintiff.
On June 16, 2004, TMSEL filed an exception of no cause of action, arguing that plaintiffs own allegations reveal that she has no cause of action against TMSEL under La. R.S. 22:1386 because that section can only apply to the plaintiffs claim against TMSEL if the company has received a certificate of self-insurance from the State of Louisiana. TMSEL alleged that plaintiffs petition contains no such allegation. Furthermore, TMSEL argued that even if plaintiff had alleged that TMSEL operated under a self-insurance certificate at the time of the accident, Louisiana law does not require a self-insurer to extend UM coverage to its employees. TMSEL argued that an injured employee’s exclusive remedy against his self-insured employer is for worker’s compensation benefits.
On October 8, 2004, defendants, Aubrey Cheatham, Total Power Electric and LIGA filed a motion for summary judgment, arguing that sufficient UM limits are primary to LIGA, rendering these defendants not liable to plaintiff. On October 14, 2004, plaintiff filed a fourth supplement and amended petition, naming RTA as a defendant. Plaintiff alleged that RTA and/or TMSEL were named | ¿insureds in a public liability insurance policy issued by the defendant, Lexington Insurance Company, which provided these defendants with $15,000,000.00 in liability insurance coverage, subject to a one million dollar self-insured retention clause in the insurance policy. Plaintiff further alleged that pursuant to La. R.S. 22:1379(3)(b) and 1386, either and/or both of these self-insured defendants are deemed to be “insurers” under State law because the Lexington policy contained no UM rejection form signed by plaintiff. Therefore, plaintiff alleged that either and/or both defendants must provide a total of one million dollars in UM coverage to plaintiff prior to any insurance coverage being afforded by its/ their insurer, Lexington Insurance Company-
On December 16, 2004, RTA filed an exception of no cause of action, arguing that plaintiffs own allegation reveal that she has no cause of action against RTA under La. R.S. 22:1386. RTA states that La. R.S. 22:1386 provides that a “person having a claim against an insurer,” other than the insurer whose insolvency triggered the provisions of the Louisiana Insurance Guaranty Association Law, is required to exhaust that claim before seeking recovery from LIGA. RTA alleges that as plaintiff admits in her petition, RTA is a political subdivision of the State of Louisiana, not an insurer. Because it is a political subdivision, RTA stated that it is not required to maintain liability insurance for its vehicles or to provide UM coverage to occupants of those vehicles, citing La. R.S. 32:1041(A). Furthermore, RTA stated that the Louisiana Insurance Guaranty Association Law does not apply to political subdivisions such as the RTA, citing La. R.S. 33:3062(B). RTA also |Bargued that the plaintiff did not al *36 lege that RTA actually issued her an insurance policy or entered into a contract with her to provide UM coverage, but instead seeks to hold RTA liable for UM coverage simply because it self-insured some of its vehicle liability risk. RTA stated that Louisiana law is clear that a self-insured vehicle owner does not have to provide UM coverage, and therefore, RTA has no legal obligation to furnish insurance coverage to plaintiff.
On December 29, 2004, TMSEL withdrew its exception of no cause of action, without prejudice, and filed a motion for summary judgment. On July 13, 2005, the trial court denied RTA’s exception of no cause of action, and also denied motions for summary judgment filed on behalf of Aubrey Cheatham, Total Power Electric, LIGA and TMSEL. On June 1, 2006, the trial court signed an order granting a motion to dismiss filed by defendants, Aubrey Cheatham, Total Power Electric, Inc. and LIGA, dismissing plaintiffs claims against those defendants.
On May 7, 2007, RTA and TMSEL filed a joint exception of no cause of action based on a decision of this Court handed down on May 10, 2006 in Jackson v. Cockerham, 2005-0320 (La.App. 4 Cir. 5/10/06), 931 So.2d 1138. In their exception, RTA and TMSEL stated that plaintiffs claims against them must be dismissed with prejudice because this Court held in Jackson v. Cockerham, supra, that transit operators have no cause of cause against RTA and TMSEL for UM benefits.
On December 14, 2007, the trial court rendered judgment granting the exception of no cause of action filed by RTA and TMSEL, and dismissing | (¡plaintiffs claims against those defendants. In reasons for judgment, the trial court cited this Court’s decision in Jackson v. Cockerham, 2005-0320 (La.App. 4 Cir. 5/10/06), 931 So.2d 1138, which held that the bus driver plaintiff was barred from recovering UM benefits from TMSEL and RTA because that plaintiffs exclusive remedy for injuries sustained during the course and scope of employment with those defendants was in worker’s compensation benefits. The trial court stated that based on her finding that the facts of the instant case were “on all fours” with Jackson v. Cockerham, supra, the court had to grant the exception of no cause of action filed by RTA and TMSEL. Plaintiff appealed the trial court judgment.
On appeal, plaintiff argues that the trial court erred in granting the exception of no cause of action filed by TMSEL and RTA. She argues that both TMSEL and RTA are “insurers” under the facts of this case and the trial court erred in holding that she cannot recover UM benefits from her employer, TMSEL, or RTA. Further, plaintiff argues that that trial court erred in holding that plaintiff was precluded from recovering UM benefits from either RTA or TMSEL because her exclusive remedy was in worker’s compensation. Plaintiff also claims that RTA was not her employer, and therefore, cannot utilize the “exclusive remedy” provisions of the Louisiana Worker’s Compensation Act.
In Ramey v. DeCaire, 2003-1299, pp. 7-8 (La.3/19/04), 869 So.2d 114, 118-119, the Louisiana Supreme Court set forth the law regarding the peremptory exception of no cause of action as follows:
A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiffs right to judicially assert the faction against the defendant. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts *37 alleged in the pleading. Id. at 1235. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. Jackson v. State ex rel. Dept. of Corrections, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; Everything on Wheels Subaru, 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Montalvo v. Sondes, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131.
Louisiana has chosen a system of fact pleading. La. C.C.P. art. 854 cmt. (a); Montalvo at p. 6, 637 So.2d at 131. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. Kizer v. Lilly, 471 So.2d 716, 719 (La.1985). However, the mere conclusions of the plaintiff unsupported by facts does [sic] not set forth a cause of action. Montalvo at p. 6, 637 So.2d at 131.
The burden of demonstrating that the petition states no cause of action is upon the mover. City of New Orleans v. Board of Com’rs of Orleans Levee Dist., 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a de novo review because the exception raises a question of law and the lower court’s decision is based solely on the sufficiency of the petition. Fink v. Bryant, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349; City of New Orleans at p. 28, 640 So.2d at 253. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiffs behalf, the petition states any valid cause of action for relief. City of New Orleans at p. 29, 640 So.2d at 253.
We disagree with the trial court’s finding that the facts of the instant case are “on all fours” with the case of Jackson v. Cockerham, 2005-0320 (La.App. 4 Cir. 5/10/06), 931 So.2d 1138. In that case, this Court held that the bus driver plaintiff Iswas not entitled to recover UM benefits from TMSEL or RTA because her exclusive remedy against those defendants was in worker’s compensation benefits. This Court stated that “[i]t is undisputed that Ms. Williams was within the course and scope of her employment as a bus driver for defendants at the time of the accident at issue.” Id. at p. 11, 931 So.2d at 1145. (Emphasis ours). Citing La. R.S. 23:1032, which provides that an employee’s exclusive remedy against an employer for a work-related injury is the right to worker’s compensation benefits, this Court held that the trial court erred in ruling that the bus driver plaintiff was entitled to recover UM benefits from TMSEL or RTA for her injuries that resulted from a work-related accident.
This Court’s opinion in Jackson v. Cockerham, 2005-0320 (La.App. 4 Cir. 5/10/06), 931 So.2d 1138, and an earlier opinion in that litigation, Jackson v. Cockerham, 2002-2493 (La.App. 4 Cir. 5/21/03), 847 So.2d 698[1], refer to the bus driver plaintiff as being employed by TMSEL and RTA. Nothing in either of those opinions indicates that there was anything in the records in those cases specifying that the plaintiff was employed by TMSEL, but not by RTA. The Louisiana Supreme Court denied writs in both cases.[2]
*38 In the instant case, the plaintiffs petition alleges that RTA owned the bus that the plaintiff was operating at the time of the accident, and that TMSEL was her employer. Although Section VIII of plaintiffs original petition alleges that 13plaintiff was acting as an agent and/or employee of RTA while operating the bus, Section III of that same petition alleges that the bus was owned by RTA and that plaintiff was in the course and scope of her employment with TMSEL when the accident occurred. Plaintiff also identified TMSEL as her employer and RTA as the owner of the bus in her second supplemental petition.
In accordance with La. R.S. 23:1032, plaintiffs exclusive remedy against her employer, TMSEL, for her work-related injury is the right to worker’s compensation benefits. Therefore, the trial court correctly granted the exception of no cause of action as to TMSEL.
However, we find that the trial court erred in granting the exception of no cause of action as to RTA. When viewing plaintiffs petitions in the light most favorable to plaintiff and with every doubt resolved in plaintiffs behalf, we find that the plaintiff has stated a valid cause of action for recovery of UM benefits against RTA. Plaintiff sufficiently alleged in her petitions that RTA was not her employer, and therefore, RTA cannot prevail on an exception of no cause of action based on the argument that plaintiffs exclusive remedy against it is in worker’s compensation benefits.
For these reasons, we affirm the trial court’s granting of the exception of no cause of action as to TMSEL, reverse the granting of the exception of no cause of action as to RTA and remand this case to the trial court for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.

. We note that both of the Jackson v. Cockerham appeals involved motions for summary judgment, whereas the instant matter is before us on an exception of no cause of action.

. See Jackson v. Cockerham, 2002-2493 (La.App. 4 Cir. 5/21/03), 847 So.2d 698, writ *38 denied, 2003-2207 (La.11/14/03), 858 So.2d 429 and Jackson v. Cockerham, 2005-0320 (La.App. 4 Cir. 5/10/06), 931 So.2d 1138, writ denied, 2006-1479 (La.9/22/06), 937 So.2d 395. We note that in response to our 2006 decision, RTA and TMSEL applied for writs with the Louisiana Supreme Court, but the bus driver plaintiff did not.