NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-0069

TIFFANY CHIASSON

VERSUS

TRANS TECH, INC.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20104741
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Jimmie C. Peters and Shannon J. Gremillion, Judges.

REVERSED AND REMANDED.

Richard Mary
10641 Pecue Lane
Baton Rouge, LA 70810
(225) 936-1451
COUNSEL FOR PLAINTIFF/APPELLANT:
    Tiffany Chiasson

Randall L. Guidry
503 W. University Ave.
Lafayette, LA 70506
(337) 233-8800
COUNSEL FOR DEFENDANT/APPELLEE:
    Trans Tech, Inc.

PETERS, J.

The plaintiff, Tiffany Chiasson, appeals from a trial court judgment sustaining a peremptory exception of no cause of action in favor of the defendant, Trans Tech, Inc. For the following reasons, we reverse the trial court grant of the exception and remand the matter to the trial court for further proceedings.

## DISCUSSION OF THE RECORD

On July 16, 2010, Mrs. Chiasson filed a suit against her former employer, Trans Tech, Inc. (Trans Tech), seeking recovery of $80,000.00 in past due wages as well as statutory penalties and attorney fees. In her petition, Mrs. Chiasson asserted that she had been employed by Trans Tech from December 2006 through July 30, 2009, at a salary of $2,500.00 per month and, despite her demand for payment, Trans Tech never paid any of her salary. Based on Trans Tech's failure to pay her past wages after demand, Mrs. Chiasson asserted in her petition that her former employer was liable to her for penalties and attorney fees pursuant to La.R.S. 23:632.[1]

In response, Trans Tech filed peremptory exceptions of res judicata, no cause of action, and no right of action. Following a hearing, the trial court rejected Trans Tech's res judicata exception, granted its exception of no cause of action, and held that its grant of the exception of no cause of action rendered moot the issue raised by the exception of no right of action.

After the trial court executed a judgment dismissing Mrs. Chiasson's claims against Trans Tech, she perfected this appeal. In her appeal, she argues that the trial court erred in sustaining the exception of no cause of action as it improperly considered evidence found outside of the petition in reaching its decision. We agree.

---

[1] In her petition, Mrs. Chiasson listed La.R.S. 22:632 as the statutory basis for her demand for penalties and attorney fees. The correct statute is La.R.S. 23:632.

**OPINION**

In *Ramey v. DeCaire*, 03-1299, pp. 7-8 (La. 3/19/04), 869 So.2d 114, 118-19, the supreme court expounded on the criteria necessary for ruling on an exception of no cause of action:

> A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1238 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *Id.* at 1235. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. *Jackson v. State ex rel. Dept. of Corrections*, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; *Everything on Wheels Subaru*, 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Montalvo v. Sondes*, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131.

> Louisiana has chosen a system of fact pleading. La. C.C.P. art. 854 cmt. (a); *Montalvo* at p. 6, 637 So.2d at 131. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. *Kizer v. Lilly*, 471 So.2d 716, 719 (La.1985). However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action. *Montalvo* at p. 6, 637 So.2d at 131.

> The burden of demonstrating that the petition states no cause of action is upon the mover. *City of New Orleans v. Board of Com'rs of Orleans Levee Dist.*, 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. *Fink v. Bryant*, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349; *City of New Orleans* at p. 28, 640 So.2d at 253. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief. *City of New Orleans* at p. 29, 640 So.2d at 253.

Louisiana Revised Statutes 23:631 provides that an employee, who is either discharged or has resigned from his or her employment, is entitled to the payment of

2

his or her wages on or before the next regular payday or within fifteen days of his or her discharge or resignation, whichever occurs first. The failure to comply with this statute and an employee's demand for payment renders the employer liable for not only the wages due, but for the penalties and attorney fees provided for by La.R.S. 23:632.

At the hearing on the exceptions, the primary argument presented by both sides centered around a settlement agreement between Trans Tech and Mrs. Chiasson's husband, Mark Chiasson, which resulted in the settlement of claims previously pending in a separate suit by Mr. Chiasson against Trans Tech. The trial court rejected Trans Tech's exception of res judicata based on that settlement because Mrs. Chiasson was not a party to that prior litigation. The trial court then granted the exception of no cause of action without further comment. However, the judgment executed by the trial court contains the following language:

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED**
> that the Exception of No Cause of Action be and is hereby sustained. The court finds that the settlement agreement was an obligation of the community incurred by Mark Chiasson (plaintiff's spouse) in accordance with Louisiana Civil Code Article 2360. In sustaining the exception of no cause of action, there is no need to issue a ruling on the exception of no right of action.

Thus, it is clear from the language of the judgment that the trial court considered evidence other than the content of the petition in granting the exception. We find that the trial court erred in this respect. La.Code Civ.P. art. 931. Furthermore, accepting the allegations of Mrs. Chiasson's petition as true, we find that she has stated a cause of action against Trans Tech for past due wages.

## DISPOSITION

For the foregoing reasons, we reverse the judgment of the trial court granting the exception of no cause of action and remand the matter to the trial court for further proceedings. We assess all costs to Trans Tech, Inc.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal. Rule 2-16.3.